IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| DEPUTY MICHAEL GARNER, in his | ) | |
| Individual and Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, commenced the above-captioned case *pro se* and is proceeding *in forma pauperis*. Currently before the Court are Plaintiff's motion to compel (doc. no. 21) and Plaintiff's motion to amend (doc. no. 22).

## I. Plaintiff's Motion to Compel

Plaintiff's motion seeks to compel production of certain documents such as force reports and the personnel file of Defendant Garner from the Richmond County Sheriff's Office, who has been dismissed from this case. (Doc. no. 21, p. 1.) Plaintiff avers in his motion that "he has in good faith conferred with defendants failing [sic] to make disclosure or discovery in an effort to obtain it without court action." (Doc. no. 21, p. 2.) Plaintiff further states that he sent the request for production to Defendant on May 14, 2015, July 8, 2015, and August 7, 2015. (Id.) Importantly, these dates are all before discovery in this case even began. (Doc. no. 20.)

Defendant's response in opposition to the motion contests whether Plaintiff did, in fact, make a good faith effort to resolve the issue before filing a motion in this Court. (Doc. no. 23.) Defendant contends that Plaintiff has simply made a boilerplate certification and has not reached out to Defendant in regards to the requested production at all. (Id. at 2.)

The Local Rule that governs the filing of a motion to compel provides:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
>     (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
>     (b) include the specific ground for the motion or objection; and
>
>     (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
>     Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Here, Plaintiff completely fails to comply with the Local Rule in that he does not support each specific request with an argument for why it is relevant and should be granted. Further, it appears that Plaintiff, despite stating that he has made an effort to resolve this dispute, has not reached out to Defendant. (Doc. no 23, p. 2.) Further, Plaintiff's request for production, according to his motion, was served on Defendant prior to the start of discovery, making his requests premature in light of Defendant's answer on August 15, 2015.

Accordingly, the Court **DENIES** Plaintiff's motion to compel. (Doc. no. 21.) See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); Rong Ran v. Infinite Energy, Inc., CV 107-249 2009 WL 5031343, at *6 (N.D. Fla. Dec. 14, 2009) (denying motion to compel where it did not quote in full each interrogatory and address an objection to each).

## II. Plaintiff's Motion to Amend

Plaintiff has also filed a motion to amend his complaint under Fed. R. Civ. P. 15(a)(2). (Doc. no. 22.) Plaintiff apparently wishes to add further clarity to his claims and include that he was taken to the hospital after the collision. (See id. at 2-3.) Plaintiff opposes the motion because he has not added any new claims and any new claims he would add would be in derogation of Fed. R. Civ. P. 8. (Doc. no. 24, pp. 2-3.)

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting

Foman, 371 U.S. at 182). In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss. Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003)

Although Defendant opposes the motion to amend, the Court sees no reason why the motion should not be granted. Plaintiff wishes to maintain the same claims on which he was allowed to proceed pursuant to the Court's May 15th Order with more factual detail. (Doc. no. 12.) Plaintiff's proposed amendment will not prejudice Defendant. Accordingly, the Court **GRANTS** Plaintiff's motion to amend (doc. no. 22.) and **DIRECTS** the Clerk to docket Plaintiff's proposed complaint as his amended complaint (Id. at 2-3.) Defendant should file an answer to Plaintiff's amended complaint within twenty-one days of date of this Order.

SO ORDERED this 9th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA