IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| DEPUTY MICHAEL GARNER, in his | ) | |
| Individual and Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coffee Correctional Facility proceeding *pro se* and *in forma pauperis*, brings suit under 42 U.S.C. § 1983 alleging Defendant, a deputy with the Richmond County Sheriff's Department, used excessive force by hitting Plaintiff with a patrol car without warning as Plaintiff traversed a parking lot. (Doc. no. 26.) Defendant seeks dismissal of all claims based on qualified immunity and alternately dismissal of the official capacity claim. Plaintiff moves to strike Defendant's affirmative defenses. (Doc. no. 30.) The Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** (doc. no. 27.), Plaintiff's motion to strike be **GRANTED IN PART** (doc. no. 30), Plaintiff's official capacity claims be **DISMISSED**, and Defendant's second and seventh affirmative defenses be **STRICKEN.**

**I.    AMENDED COMPLAINT ALLEGATIONS**

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of

considering the motion to dismiss, the facts are as follows. Defendant Michael Garner is a deputy with the Richmond County Sheriff's Department. (Am. Compl., doc. no. 26 ¶ 1.) On May 12, 2013, Deputy Garner used his patrol car to hit Plaintiff in a church parking lot without giving Plaintiff any warning beforehand. (Id. ¶¶ 1-2.) Defendant's actions were intentional, knowing, deliberate, and excessive. (Id.) Plaintiff suffered physical injuries, for which he was taken by ambulance to a hospital for treatment. (Id. ¶ 3.) Plaintiff also suffered "mental and emotional pain" and seeks compensatory and punitive damages. (Id.)

## II. DISCUSSION

### A. Motion to Dismiss Framework

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

2

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). With these principles in mind, the Court turns its attention to the instant motion to dismiss

### B. The Amended Complaint Alleges Facts Sufficient to Survive Dismissal on the Basis of Qualified Immunity.

#### a. Qualified Immunity Standard

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant carries the initial burden of showing that the contested actions fall within his discretionary authority, then the burden shifts to the plaintiff to show (1) violation of a constitutional right; and (2) the right violated was clearly established at the time. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013) (citing Pearson, 555 U.S. at 232). Courts may assume for the sake of argument that a constitutional violation occurred and

grant summary judgment based on a finding that the right was not clearly established. Pearson, 555 U.S at 236.

A government official acts within his discretionary authority when he was "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). To satisfy the first prong, the defendant "must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen within his legitimate job description." Id. at 1266 (emphasis in original). To satisfy the second prong, the defendant must be executing his job-related function "in an authorized manner." Id.

Plaintiff can demonstrate that the right violated was clearly established in three ways. First, the conduct involved in the case may "so obviously violate[ ] th[e] constitution that prior case law is unnecessary." Terrell v. Smith, 668 F.3d 1244, 1257 (11th Cir. 2012). Second, Plaintiff may show that "a materially similar case has already been decided" at the time of the incident by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court. Terrell, 668 F.3d at 1255. This category consists of cases where "judicial precedents are tied to particularized facts." In assessing whether previous cases clearly establish the law, Courts ask whether the factual scenario that the official faced "is fairly distinguishable from the circumstances facing a government official" in a previous case. Id. at 1256 (citing Vinyard v. Wilson, 311 F.3d 1340, 1352 (11th Cir. 2002)). If so, the cases are not materially similar and, thus, provide insufficient notice to the official to clearly establish the law. Terrell, 668 F.3d at 1256.

4

Third, Plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." Id. "[S]ome broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." Id. (citing Vinyard, 311 F.3d at 1351). However, the principle must be established with "obvious clarity" by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court case law at the time of the alleged violation so that "every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." Terrell, 668 F.3d at 1256.

### b. The Complaint Sufficiently Alleges Violation of a Clearly Established Constitutional Right.

Here, even assuming Defendant can show he was acting within the scope of his discretionary authority, the act as alleged of hitting Plaintiff intentionally with a patrol car, without warning and as a means of using excessive force, would violate a constitutional right clearly established at the time of the incident. See, e.g. Tennessee v. Garner, 471 U.S. 1, 12 (1985) (requiring warning before use of deadly force, if possible); Gaillard v. Commins, 562 F. App'x 870, 875 (11th Cir. 2014) (holding that hitting unarmed fleeing suspect with vehicle traveling 28 mph constitutes deadly force and that Garner clearly established such force was unreasonable). Defendant cites Bracewell v. Patrick, 2011 WL 1431521, *4 (M.D. Ala. April 14, 2011) in support of dismissal, but that case is fundamentally different because plaintiff merely alleged she scraped her knees and the top of her foot.

Furthermore, it is the use of force itself that must be sufficiently serious, not the

5

resulting injuries. Because injury and force are imperfectly correlated and it is the force used that counts, a victim of excessive force "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010); See Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014) ("We see no reason why the same rationale should not apply in a Fourth Amendment excessive force case."). For all of these reasons, Defendant's motion to dismiss on qualified immunity grounds must fail.

### C. The Official Capacity Claim Should be Dismissed.

Plaintiff's allegations are insufficient to state a claim against Defendant in his official capacity because "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). Plaintiff's claim against Defendant in his official capacity is no different from naming the Richmond County Sheriff's Office directly because it would ultimately pay the damages award. See Carr v. City of Florence, Ala., 916 F.2d 1521, 1527 (11th Cir. 1990). And when performing its duty of law enforcement, a sheriff's office is entitled to Eleventh Amendment immunity. Townsend v. Coffee Cnty., Ga., 854 F. Supp. 2d 1345, 1352 (S.D. Ga. 2011) (dismissing § 1983 claims against sheriff because he was performing his law-enforcement function and "the state alone . . . has delegated to the sheriff's office the specific duty of law enforcement"). Thus, Defendant is immune under the Eleventh Amendment in his official capacity because Plaintiff's complaint only seeks damages.

Defendant has also moved to dismiss any state law claims made by Plaintiff on the basis of official immunity under Georgia law. (Doc. no. 27, p. 8.) However, no such claims exist and Plaintiff's claim is solely predicated on 42 U.S.C. § 1983. (Doc. no. 26; see doc. no. 22, p. 5.)

### D. Two of Defendant's Seven Affirmative Defenses Should be Stricken.

Plaintiff moves to strike Defendant's affirmative defenses because they "fail to state a legal defense to the claim set forth in plaintiff's complaint and that the affirmative defense are not well taken as a matter of law." (Doc. no. 30.) Fed. R. Civ. P. 12(f) provides that, upon motion, the court may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. However, " '[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F.Supp.2d 1345, 1348 (M.D.Fla.2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir.1962)).

Accordingly, motions to strike are "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. (internal quotation marks omitted); see also In re Se. Banking Corp. Sec. & Loan Loss Reserves Litig., 147 F.Supp.2d. 1348, 1355 (S.D. Fla. 2001). Further, the Eleventh Circuit has not extended the pleading requirements of Rule 8(a) to affirmative defenses. Jackson v. City of Centreville, 269 F.R.D. 661, 662 (N.D. Ala. 2010); see Tomason v. Stanley, 297 F.R.D. 541, 544 (S.D. Ga. 2014) (refusing to apply Twombly to affirmative defenses). Instead, the answer must only provide adequate notice of the affirmative defenses. Jackson, 269 F.R.D. at 662

7

Here, Defendant advances seven affirmative defenses of failure to state a claim, lack of subject matter jurisdiction, qualified immunity, official immunity, Eleventh Amendment immunity, sovereign immunity, and a right to raise additional claims or defenses. Failure to state a claim is not an affirmative defense but rather a defect in the allegations of the complaint. Tomason v. Stanley, 297 F.R.D. 541, 546 (S.D. Ga. 2014). Although this is not an affirmative defense, it should not be stricken because it serves as a specific denial. Id. In addition, the four affirmative defenses asserting various types of immunity have, at the very least, an arguable legal basis and give notice to Plaintiff that Defendant may be immune from various types of claims. Accordingly, the Court will not strike these affirmative defenses.

However, Plaintiff's affirmative defense of lack of subject matter jurisdiction has no legal basis as the Court has subject matter jurisdiction over claims asserted under 42 U.S.C. § 1983. In addition, Defendant's seventh affirmative defense, which reserves the right to raise additional defenses, is improper because defenses are generally required to be asserted at the pleading stage under Fed. R. Civ. P. 8(c). Further, it fails to give any notice of the actual defenses that will be asserted. Accordingly, Plaintiff's second and seventh affirmative defenses should be stricken.

### III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** (doc. no. 27.), Plaintiff's motion to strike be **GRANTED IN PART** (doc. no. 30), Plaintiff's claims against Defendant in his

official capacity be **DISMISSED**, and Defendant's second and seventh affirmative defenses be **STRICKEN.**

SO REPORTED AND RECOMMENDED this 24th day of February, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA