IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| DEPUTY MICHAEL GARNER, in his | ) | |
| Individual and Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Currently before the Court are various discovery motions filed by *pro se* Plaintiff and a motion to quash a subpoena by Defendant. (Doc. nos. 33, 46, 47, 50, 52, 54, 58, 61, 64, 65.) For the reasons set forth below, the Court **DENIES** Plaintiff's first motion for subpoena (doc. no. 33), his first motion to compel (doc. no. 46), his second motion to compel (doc. no. 47) **GRANTS** Plaintiff's request for an additional set of interrogatories (doc. no. 52), **DENIES IN PART** Defendant's motions to quash (doc. nos. 54, 65), and **DENIES AS MOOT** Plaintiff's third and fourth motions to compel (doc. nos. 61, 64.). The Court **GRANTS** Plaintiff's motions for subpoena as to the Richmond County Sheriff's Office, Coffee Correctional Facility, and Georgia Public Safety Training Center, subject to the restrictions in this Order. (Doc. nos. 39-1, pp. 1, 4; doc no. 50; doc no. 58.) Finally, the Court **DENIES** Plaintiff's request for a subpoena to the Georgia Department of Public Safety. (Doc. no. 39-1, p. 7.)

**I.     BACKGROUND**

Plaintiff alleges Defendant used excessive force by hitting Plaintiff with his police car during a chase in Richmond County. (Doc. no. 26.) This discovery dispute arises out of Plaintiff's dissatisfaction with Defendant's responses to his first set of interrogatories, and his desire to procure certain information and documents from nonparties. Plaintiff has inundated the Court with five separate discovery motions, four of them within the last two months.

In his first motion, Plaintiff requested a blank subpoena to be used for an unspecified purpose. (Doc. no. 33.) In a later motion to extend the discovery deadline, Plaintiff also moved for issuance of subpoenas to Coffee County Correctional Facility, Richmond County Sheriff's Department, and the Georgia Department of Public Safety respectively requesting medical records, records relating to his arrest and collision, and for the accident report relating to the collision. (Doc. no. 39-1.) Defendant has not responded to these subpoena requests, presumably because they were filed part in parcel with the extension request.

On February 29, 2016, Plaintiff filed a motion to compel Defendant to answer his first set of interrogatories. (Doc. no. 46.) Two days later, Plaintiff filed a second motion to compel Defendant to answer the same set of interrogatories. (Doc. no. 47.) It appears from the two motions that Plaintiff did not have Defendant's response to his interrogatories at the time of the first motion. (See doc. no. 47, p. 8-12.) Plaintiff complains in his second motion is that Defendant's newly-received responses were "evasive or incomplete." (Doc. no. 47, p. 4.)

2

On March 21, 2016, Plaintiff filed a "subpoena to command to produce" directed at the Georgia Public Safety Training Center for documents related to Defendant's training as an officer in addition to his personnel file. (Doc. no. 50.) On March 23, 2016, Plaintiff filed a motion for leave to serve Defendant with an additional set of interrogatories, due to his apparent displeasure with the answers received with the first set. (Doc. no. 52.) On April 8, 2016, Defendant filed a motion to quash the "subpoena" in Plaintiff's March 21 motion, arguing that it was overbroad and sought irrelevant information. (Doc. no. 54.)

## II. DISCUSSION

### A. Interrogatories

In regard to the dispute over the interrogatories, Plaintiff has filed two motions to compel and a motion to propound an additional set of interrogatories to Defendant. (Doc. nos. 46, 47, 52.)

The Local Rule that governs the filing of a motion to compel provides:

**LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

(b) include the specific ground for the motion or objection; and

(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that

3

a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5. In addition, the Court has already cautioned Plaintiff that he must strictly comply with the rules given above. (Doc. no. 25, p. 2.) Despite this, Plaintiff's first motion to compel does not support each requested interrogatory with specific reasons for why the requested information is relevant. (See doc. no. 46.) Furthermore, the requested relief in the motion is now moot because Plaintiff did not provide Defendant sufficient time to respond before running to court to file a motion which also throws his good faith certification into dubious territory. Thus, the Court **DENIES** Plaintiff's first motion to compel. (Doc. no. 46.)

Similar to his first motion to compel, Plaintiff's second motion fails to support each objectionable response with specific reasons explaining the impropriety of the response. (See doc. no. 47.) Thus, it is impossible to discern the basis for Plaintiff's complaints as to each response beyond his general objection that they are evasive or incomplete. Furthermore, Plaintiff's motion to compel does not contain a good faith certification, nor could it since Plaintiff filed it only two days after he received the responses to the interrogatories. (See id.) Accordingly, Plaintiff's second motion to compel fails to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, and accordingly, the Court **DENIES** the motion. (Doc. no. 47.)

As to Plaintiff's request to propound an additional set of interrogatories, the Court finds this request to not be inconsistent with Fed. R. Civ. P. 26(b)(2). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed.

R. Civ. P. 33(a). Under the standards described in Rule 26(b)(2)(C), requested discovery must be relevant, and it must not impose an undue burden or be unreasonably cumulative. Callaway v. Papa John's USA, Inc., CV 09-61989, 2010 WL 4024883, at *5 (S.D. Fla. Oct. 12, 2010). Defendant argues Plaintiff has not shown the additional interrogatories are necessary or that the benefit of responsive answers will outweigh the burden to Defendant. (Doc. no. 56, p. 2.) Defendant also points out that some of the questions are cumulative of those in the first interrogatory. (Id. at 2-3.)

The Court recognizes that five of the interrogatories are either identical or similar to those in the first set. (See doc. no. 52-1.) However, the other fifteen interrogatories request new information and often, the most practical method for a *pro se* litigant to obtain discovery is through interrogatories. Thus, the benefit to Plaintiff of acquiring more information about the collision and Defendant's training outweighs any additional burden placed on him by the additional interrogatories. Thus, the Court **GRANTS** Plaintiff's request as to the additional interrogatories. Because Defendant has already received the proposed interrogatories, the Court **ORDERS** Defendant to provide responses within thirty days of the date of this Order. In addition, the Court **DENIESAS MOOT** Plaintiff's motions to compel an answer to the second set of interrogatories. (Doc. nos. 61, 64.)

### B.    Subpoenas

Plaintiff has filed five motions for subpoenas, one for a blank subpoena and the other four requesting information from the Georgia Public Safety Training Center, Coffee County

Correctional Facility, Richmond County Sheriff's Department, and the Georgia Department of Public Safety. (Doc. nos. 33, 39-1, 50.)

Under Federal Rule of Civil Procedure 45, a party may obtain a subpoena commanding a person to appear and testify at a trial or deposition, produce designated documents, or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The rules provide that "[t]he clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Rule 45(a)(3) (emphasis added).

Plaintiff is advised that while he is generally entitled to have the Clerk of the Court issue a subpoena needed to secure relevant documents or testimony, he may incur significant expense in employing Rule 45 and will have to bear the cost of having the documents copied. He is not entitled to public funds for these expenses. Even *pro se* litigants who are proceeding *in forma pauperis* must bear their own discovery expenses. While 28 U.S.C. § 1915(a) permits a pauper to commence litigation without prepayment of the filing fee, no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 158-59 (3rd. Cir.1993); Doye v. Colvin, 2009 WL 764980 at * 1 (S.D. Ga. Mar. 23, 2009); Lofton v. Smith, 2007 WL 2728431 at * 2 (S.D.Ga. Sept. 10, 2007) (" '[d]istrict courts do not have statutory authority to waive witness fees for indigent civil litigants' ").

Further, under a standing Order in this district, the granting of subpoenas to incarcerated litigants is generally disfavored. See In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). Thus, the Court will only allow Plaintiff to subpoena documents directly

relevant to the incident and which will not be unduly burdensome to the producing party. Thus, if Plaintiff wishes to have a subpoena issued to him, he must notify the Court of the documents he wishes to subpoena, the party that is in possession of these documents, and explain their relevance to his case.

Plaintiff's first request for a blank subpoena is improper under this standard. It is entirely devoid of information, and there is no indication that he has attempted to use other means of discovery for receiving the discovery he wishes to obtain. Thus, the Court **DENIES** this motion. (Doc. no. 33.)

As to Plaintiff's remaining four request for a subpoena, the Court **GRANTS** his motions as to the Richmond County Sheriff's Office, Coffee Correctional Facility, and Georgia Public Safety Training Center . (Doc. no. 39-1, pp. 1, 4; doc nos. 50, 58.) However, the Court **DENIES** Plaintiff's request for a subpoena to the Georgia Department of Public Safety. (Doc. no. 39-1, p. 7.) The accident report he seeks should be in the possession of the Richmond County Sheriff's Department.

Accordingly, the Court **DIRECTS** the Clerk to furnish Plaintiff with three Form AO 88B subpoenas, issued under the Clerk's signature but otherwise in blank. However, the Court will impose the following restrictions on the documents that Plaintiff is allowed to subpoena. If Plaintiff requests production of material outside of the parameters outlined below, the Court will immediately quash it upon motion by the Defendant or producing party.

In his motion for a subpoena to the Georgia Public Safety Training Center, Plaintiff requests the following:

1. *Training Material regarding the use of force (excessive force).*

2. *Training Material regarding traffic stops and subject stops.*

3. *The Training Officer [sic] name who train [sic] Deputy Michael Garner of Richmond County Sheriff's Office.*

4. *Personnel files of Deputy Michael Garner.*

5. *Training Material related to the proper use of a police vehicle (in pursuit of a suspect or emergency).*

6. *Training Material related to the requirement for officer [sic] to report injuries of suspect in their care or control.*

(Doc. no. 50.) Plaintiff's requests for training material in 1, 2, 5, and 6 are entirely overbroad because they request all training materials ever produced by the Training Center. Plaintiff also requests the personnel files of Defendant which are irrelevant and likely not in possession of.

In issuing a subpoena to the Georgia Public Safety Training Center, Plaintiff will be limited to requesting the following information:

1. *Any current training material relating to excessive force or the proper use of vehicle while chasing and apprehending a fleeing suspect on foot.*

2. *Any documents concerning the training of Defendant.*

Accordingly, the Court **DENIES IN PART** Defendant's motions to quash (doc. nos. 54, 65.)

, Plaintiff has also requested a subpoena seeking the following documents from the Richmond County Sheriff's Office. (Doc. no. 39-1, p. 4; doc. no. 58.)

*(1) Policies regarding the use of force (excessive force).*

*(2) The surveillance camera recording at 401 Walton Way Augusta, Georgia's old county jail (at intake booking for new inmates) on May 13, 2013 (of plaintiff, Roderick D. Haynes and Defendant, Deputy Michael Garner).*

*(3) Any records of Roderick D. Haynes speaking with Richmond County Sheriff's Office Internal Affairs concerning incident (reference RCSO case# 2013-093978).*

*(4) Policies regarding traffic stops and subject stops*

*(5) Personnel files of Deputy Michael Garner.*

*(6) Policies related to the proper use of a police vehicle (in pursuit of a suspect or emergency).*

*(7) The 911 dispatcher call recording concerning incident (reference RCSO case# 2013-093978)*

*(8) Any and all use of force reports turn in concerning incident (reference RCSO case# 093978).*

*(9) Policies related to the requirement for officer to report injuries of suspect in their care or control.*

Request numbers 2 and 9 seek plainly irrelevant information. The surveillance camera recording and any policies related to suspect injuries have no bearing on Defendant's alleged use of excessive force. Additionally, request numbers 1 and 4 are overbroad because all policies bearing on the use of force or subject stops are not relevant to the limited issue of the car chase and subject collision. However, the Court will allow Plaintiff to subpoena the documents requested in 3, 6, 7, and 8 given their obvious probative value in this case. As to request number five, the Court will permit Plaintiff to seek all documents in Defendant's

personnel file regarding the subject incident, any similar incidents including allegations of excessive force by Defendant, and training concerning excessive force or the proper use of a patrol car during pursuit of a suspect.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's first motion for subpoena (doc. no. 33), his first motion to compel (doc. no. 46), his second motion to compel (doc. no. 47) **GRANTS** Plaintiff's request for an additional set of interrogatories (doc. no. 52), **DENIES IN PART** Defendant's motions to quash (doc. nos. 54, 65), and **DENIES AS MOOT** Plaintiff's third and fourth motions to compel (doc. nos. 61, 64.). The Court **GRANTS** Plaintiff's motions for subpoena as to the Richmond County Sheriff's Office, Coffee Correctional Facility, and Georgia Public Safety Training Center, subject to the restrictions in this Order. (Doc. nos. 39-1, pp. 1, 4; doc no. 50; doc no. 58.) Finally, the Court **DENIES** Plaintiff's request for a subpoena to the Georgia Department of Public Safety. (Doc. no. 39-1, p. 7.) Because the close of discovery is currently July 1, 2016, the Court **EXTENDS** the close of discovery to August 1, 2016 and the motions deadline to September 1, 2016 to allow time for Plaintiff to subpoena the relevant information.

SO ORDERED this 24th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA