IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| DEPUTY MICHAEL GARNER, in his | ) | |
| Individual and Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are Plaintiff's motions for "leave to file deposition upon written questions" and for three subpoenas. (Doc. nos. 72, 73). Regarding Plaintiff's motion for subpoenas, it appears that he is making a request to subpoena the same information that the Court granted him permission to request in its May 24, 2016 Order. (See doc. no. 68.) Because the Court is unsure if Plaintiff actually received the subpoenas it directed to be issued to him, the Court will **GRANT** Plaintiff's request subject to the restrictions in the May 24th Order. (Doc. no. 72.) The Court **DIRECTS** the Clerk to furnish Plaintiff with three Form AO88B subpoenas, issued under the Clerk's signature but otherwise in blank, along with a copy of the Court's May 24th Order. Because the discovery period ended August 1, 2016, the Court **EXTENDS** the discovery period to September 1, 2016.

Plaintiff has also motioned for leave to take a deposition by written questions similar to his prior motion filed on May 26, 2016. (See doc. no. 69.) The only difference is that in the notice of deposition attached to the motion, Plaintiff avers that he will bear the cost of the

deposition. (Doc. no. 73, p. 4.). Plaintiff has also attached to the motion twenty-five proposed questions for Defendant. (See doc. no. 73, pp. 6-10.)

Fed. R. Civ. P. 31 does not require leave for Plaintiff to take a deposition of Defendant by written questions. Further, Defendant does not supply any information as to how he will pay for the deposition or what arrangements he has made for the deposition. Given the scant information in his motion, it appears that Plaintiff expects Defendant to make the arrangements. If Plaintiff wishes to use a deposition as a discovery method, he must make his own arrangements to have an officer under Fed. R. Civ. P. 28 present and confer with Defendant for a time and place agreeable to take the deposition. Accordingly, the Court **DENIES AS MOOT** Plaintiff's motion for deposition upon written questions. (Doc. no. 73.)

SO ORDERED this 2nd day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA