IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| RICHMOND COUNTY SHERIFF OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Rogers State Prison in Reidsville, Georgia, proceeding *pro se* and *in forma pauperis*, brings suit under 42 U.S.C. § 1983 alleging Defendant Michael Garner, a deputy with the Richmond County Sheriff's Department, used excessive force by hitting Plaintiff with a patrol car without warning as Plaintiff traversed a parking lot. (Doc. no. 26.) Before the Court are Plaintiff's motion for penalty of perjury (doc. no. 75) and motion to compel (doc. no. 76). For the reasons set forth below, the Court **DENIES** Plaintiff's motion for perjury and motion to compel. (Doc. nos. 75, 76.)

**I. BACKGROUND**

On December 23, 2014, Plaintiff filed this action under 42 U.S.C. § 1983 against the Richmond County Sheriff's Office and Deputy Michael Garner alleging Defendant Garner intentionally and without warning hit Plaintiff with his Richmond County patrol vehicle. (Doc. no. 1.) Plaintiff's claims against Defendant Richmond County Sheriff's Office were

later dismissed for failure to state a claim. (Doc. nos. 10, 14.) On or around January 11, 2016, Plaintiff served his first set of interrogatories on Defendant. (Doc. no. 75, p. 1.) Plaintiff's Interrogatory #14 asked Defendant if he had been tested for drugs and alcohol by his employer or anyone else with authority to do so on the date of the collision. (Doc. no. 76, Ex. 1, Attch. 1.) Defendant originally answered that he had been tested. (Id.) Defendant's first responses also contained a verification where he swore under oath his answers were "true and correct to the best of his knowledge and belief." (Doc. no. 78, p. 1.) Later, Defendant became aware he had not been tested for drugs or alcohol at the time of the accident, and corrected his initial answer in his responses to Plaintiff's second set of interrogatories. (Doc. no. 76, Ex. 2, Attch. 2.) Because of Defendant's conflicting responses, Plaintiff filed a motion for penalty of perjury. (See doc. no. 75.) Plaintiff also filed a motion to compel alleging Defendant's answer to Interrogatory #9 of Plaintiff's second set of interrogatories is insufficient. (Doc. no. 76.)

## II. DISCUSSION

### A. Plaintiff's Motion for Perjury Is Meritless.

A penalty for perjury involves making a false statement knowingly and willfully under oath. 18 U.S.C. § 1621; O.C.G.A. § 16-10-70. To qualify as perjury, the testimony must be "given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." United States v. Cavallo, 790 F.3d 1202, 1220 (11th Cir. 2015) (quoting United States v. Ellisor, 522 F.3d 1255, 1277 n. 34 (11th Cir. 2008)).

Here, Defendant falsely testified in his answers to Plaintiff's First Set of Interrogatories he had been tested for drugs and alcohol at the time of the accident.

2

However, Defendant's false testimony was not intentional; he mistakenly believed he actually had been tested when he answered the interrogatory. When he discovered the mistake, Defendant immediately corrected the false answer through his responses to Plaintiff's second set of interrogatories. Therefore, Defendant did not commit perjury. Accordingly, Plaintiff's motion for penalty for perjury (doc. no. 75) is **DENIED**.

### B. Plaintiff's Motion to Compel Is Moot.

Defendant gave a full and responsive answer to Interrogatory #9 of Plaintiff's Second Set of Interrogatories. (See doc. no. 76, Ex. 2, Attch. 2.) To the extent Defendant's answer did not contain an explicit estimate of distance, Defendant provided an updated answer in its response to Plaintiff's motion. (Doc. no. 77, p. 2.) Because Defendant's answer cannot be properly amended through his response to Plaintiff's motion, Defendant is instructed to serve a supplemental, verified response to Plaintiff's Second Set of Interrogatories on Plaintiff within 7 days of this order. Accordingly, Plaintiff's motion to compel (doc. no. 76) is **DENIED AS MOOT**.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for perjury and motion to compel. (Doc. nos. 75, 76.)

SO ORDERED this 30th day of August, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA