IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-237 |
| | ) | |
| RICHMOND COUNTY SHERIFF OFFICE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings suit under 42 U.S.C. § 1983. (Doc. no. 26.) Before the Court is Plaintiff's motion for leave to serve additional interrogatories to Defendant. (Doc. no. 85.)

**I.  BACKGROUND**

In his complaint, Plaintiff alleges Defendant used excessive force by hitting Plaintiff with his police car during a chase in Richmond County. (Doc. no. 26.) After initial screening, the Court dismissed claims against the Richmond County Sheriff Office but allowed claims against Defendant Garner to proceed. (Doc. nos. 10, 12, 14.) The parties then commenced discovery, which has been repeatedly extended from its original deadline of January 1, 2016 to its current deadline of October 3, 2016. (See doc. nos. 20, 35, 42, 60, 68, 74, 84.) Most recently, the Court granted Plaintiff a one-month extension to take Defendant's deposition by written examination. (Doc. no. 84.)

On September 6, 2016, Plaintiff filed this motion for leave to serve a third set of interrogatories to Defendant and attached eighteen proposed interrogatories. (Doc. no. 85.) Plaintiff does not give a reason for his request. Plaintiff has already served forty-five interrogatories on Defendant—twenty-five as a matter of course and twenty additional as permitted by the Court on May 24, 2016. (See doc. nos. 52, 68.) Defendant opposes Plaintiff's motion on the grounds these requests are cumulative and harassing. (Doc. no. 88.)

## II. DISCUSSION

A court may allow a party to serve additional interrogatories beyond the twenty-five allowed by Federal Rule of Civil Procedure 33 as long as they are consistent with the scope and limits of Rule 26(b). Fed. R. Civ. P. 33(a)(1). Under Fed. R. Civ. P. 26(b)(2)(C), a Court may limit discovery where:

(i) the discovery sought is unreasonably cumulative or duplicative . . . ;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope . . . .

Fed. R. Civ. P. 26(b)(2)(C).

Although *pro se* IFP litigants are given some leeway, they are still subject to the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F2d 835, 837 (11th Cir. 1989).

The Court denies Plaintiff's request for three reasons. First, Plaintiff's proposed interrogatories are both cumulative and duplicative. See Breach v. Prison Health Servs., No. 2:06-CV-1133-MEF, 2008 WL 2959778, at *2 (M.D. Ala. July 31, 2008) (excluding interrogatories because they were unreasonably cumulative or duplicative of other

discovery). Plaintiff already questioned Defendant at length about his blue lights, internal intercom speaker, and camera. (*Compare* doc. no. 85, p. 10, interrog. nos. 11-13, *with* doc. no. 46, pp. 8-9, interrog. nos. 6-8, 15-16, *and* doc. no. 52, attach. 1, p. 3, interrog. nos. 11-12.) Plaintiff has also already asked for witness statements from the incident and the speed at which Defendant was traveling. (*Compare* doc. no. 85, pp. 9-10, interrog. nos. 9, 14, *with* doc. no. 46, p. 8-9, interrog. nos. 12, 18-19, *and* doc. no. 52, attach. 1, p. 2, interrog. no. 1.)

Furthermore, Plaintiff has had "ample opportunity to obtain the information" through previous discovery requests. Fed. R. Civ. P. 26(b)(2)(C)(ii). On May 24, 2016, the Court gave Plaintiff leave to serve twenty interrogatories beyond his initial twenty-five. (Doc. no. 68; doc. no. 52.) Plaintiff can also still obtain this information through the written deposition he intends to take for which the Court has extended the discovery deadline. (Doc. no. 84.) Given Plaintiff's many chances to obtain the information he seeks, he should not be allowed to seek it through another set of interrogatories. See Abruscato v. GEICO Gen. Ins. Co., No. 3:13-CV-962-J-39JBT, 2014 WL 11394858, at *3 (M.D. Fla. Apr. 25, 2014).

Finally, Plaintiff seeks information irrelevant to his case and therefore outside the scope of discovery. See Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). "[W]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Banta Properties, Inc. v. Arch Specialty Ins. Co., No. 10-61485-CIV, 2011 WL 13096151, at *2 (S.D. Fla. Sept. 15, 2011) (internal citations omitted). Here, Plaintiff seeks to explore such "shadow zones" as "why [Defendant] chose to be a police," if Defendant "like[s] being a police," and if

3

Defendant "believe[s] Black American lives Matter." (Doc. no. 85, p. 8.) Plaintiff further proposes Defendant engage in pure speculation and draw legal conclusions. (See doc. no. 85, p. 8, 11.) ("What would you do different if you could go back to the Date of which the collision occurred? . . . Is it against the Law for a free citizen to refuse to answer question by an Police?") These inquiries can in no way lead to evidence supporting Plaintiff's claims of excessive force, and thus are not appropriate topics for discovery.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for leave to serve additional interrogatories to defendant. (Doc. no. 85.)

SO ORDERED this 29th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA