IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RODERICK D. HAYNES,                )
                                   )
            Plaintiff,             )
                                   )
        v.                         )            CV 114-237
                                   )
DEPUTY MICHAEL GARNER.,            )
                                   )
            Defendant.             )
                        _____

                      **O R D E R**
                        _____

Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983. Defendant

has filed a motion for summary judgment. (Doc. no. 82.) Plaintiff has not filed a response.

To make sure Plaintiff fully understands the ramifications of Defendant's motion for

summary judgment should he not file a response, the Court will now reiterate to Plaintiff the

consequences of a motion for summary judgment.[1]

Once a motion for summary judgment is filed, the opponent should be afforded a

reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772

F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to

respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

---

[1]Plaintiff was first informed of the consequences of a summary judgment motion in the
Court's May 15, 2015 Order. (Doc. no. 12, p. 5.)

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. American Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[2] When, however, the moving party's

_____

[2]In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendant's motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendant's motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendant's motion within twenty-one days of the date of this Order. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Clerk of Court is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 8th day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA