IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RODERICK D. HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 114-237 |
| | ) |
| DEPUTY MICHAEL GARNER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 60.) Nothing in Plaintiff's objections undermines the Magistrate Judge's recommendation, and only one objection warrants further comment.

Plaintiff objects to the Magistrate Judge's scope of undisputed facts, and he provides a new declaration in support of his objections alleging new disputed facts. (Doc. no. 107, pp. 2-4; doc. no. 108.) While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., –F. App'x–, No. 16-12843, 2017 WL 2417866, at *3 (11th Cir. June 5, 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Plaintiff's new factual claims here.

The Court first instructed Plaintiff about the consequences of failing to specifically oppose an opposing party's statement of material facts in the Court's May 15, 2015 Order. (Doc. no. 12, p. 5.) The Court warned,

> Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

Id. After Defendant filed the present motion for summary judgment, the Court provided Plaintiff with further instructions, warning,

> Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

(Doc. no. 91, p. 3.) Despite these multiple warnings, Plaintiff did not include what he now asserts are contradictory material facts in his original declaration in support of his opposition to Defendant's motion. Therefore, because he failed to heed the Court's multiple warnings, the Court will not consider Plaintiff's new factual allegations. See Frone, 2017 WL 2417866, at *3; Williams, 557 F.3d at 1292.

Even if the Court were to consider Plaintiff's new material facts, they would not change the Magistrate Judge's well-reasoned analysis and conclusion. For example, although Plaintiff declares "I was never in possession of any weapon," (doc. no. 108, p. 4), that does not change Deputy Garner's reasonable belief that Plaintiff was armed. See (doc. no. 105, pp. 3, 14); Williams v. Deal, 659 F. App'x 580, 597-98 (11th Cir. 2016), cert.

2

denied, No. 16-937, 2017 WL 388097 (U.S. Mar. 20, 2017) ("If an officer reasonably, but mistakenly, believes that one of the factors relevant to the merits of the constitutional excessive-force claim is present, the officer is justified in using more force than in fact was needed."). Moreover, even though Plaintiff declares "I ran to my Brother vehicle [sic] to escape from being shot" and "I stop [sic] the vehicle then fled on foot to seek help," (doc. no. 108, pp. 3-4), this does not change that, under the circumstances as viewed from the perspective of a reasonable officer, Plaintiff was attempting to evade arrest by flight. (See doc. no. 105, p. 15.) In sum, Plaintiff presents no new material facts undermining the Magistrate Judge's Recommendation.

Accordingly, the Court **OVERRULES** Defendants' objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Defendant's motion for summary judgment (doc. no. 82), **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of Defendants.

SO ORDERED this 31st day of August, 2017, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA